UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZEFERINO RAMIREZ, NATALIO DE JESUS,
FELIPE LABRA, and JAVIER LABRA,

                    Plaintiffs,

vs.

CSJ & CO., INC. d/b/a AZURE DELI, JUNG LEE,
JUNG E. LEE, SANG LEE, SUNG LEE, AND
JOHN DOE,

                    Defendants.

06 CV 13677 (LAK)

---

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

 

**GREENWALD DOHERTY, LLP**
Kevin M. Doherty, Esq.
151 North Main Street
P.O. Box 490
New City, New York 10956
(845) 638-1943

# TABLE OF CONTENTS

| | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **STATEMENT OF FACTS** | 2 |
| **ARGUMENT** | 2 |
| I.  Plaintiffs' Claims Under the FLSA Should be Dismissed to the Extent Plaintiffs Seek Damages Under the FLSA Accruing Prior to December 1, 2004 | 3 |
|     A.  There is No Equitable Basis to Toll the Statute of Limitations | 4 |
|     B.  There is No Contractual Basis to Toll the Statute of Limitations | 6 |
| II.  Plaintiffs Are Not Entitled to a Uniform Allowance for the Cost of Laundering a Company Polo Shirt | 8 |
| **CONCLUSION** | 9 |

# PRELIMINARY STATEMENT

Plaintiffs Zeferino Ramirez and Felipe Labra[1] allege that defendant CSJ & Co., Inc. d/b/a Azure Deli, along with individual defendants Jung Lee, Jung E. Lee, Sang Lee, and Sung Lee, violated their rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 *et seq.*, and the New York State Labor Law § 650 *et seq.* Specifically, in their eight Causes of Action, plaintiffs assert claims for (1) Minimum Wages under the FLSA; (2) Minimum Wages under the New York Labor Law; (3) Overtime under the FLSA; (4) Overtime under the New York Labor Law; (5) Spread of Hours Violation under the New York Labor Law; (6) Reimbursement for Uniform Costs under New York Labor Law; (7) Illegal Retention of Gratuities under the New York Labor Law; and (8) Illegal Deductions of Wages under the New York Labor Law.

Defendants now move pursuant to F.R.C.P. Rule 12(b)(6) to dismiss plaintiffs' claims in Counts I, II, and VI, in part. First, Plaintiffs' FLSA claims for damages[2] allegedly accruing prior to December 1, 2004, two years from filing of the instant Complaint on December 1, 2006, must be dismissed. The statute of limitations for FLSA claims is 2 years (or 3 years if the violations are found to be willful), and each claim accrues when the wages allegedly owed was not paid. Thus, any claims for damages prior to two years from the filing of the Complaint must be dismissed.

Finally, plaintiffs' cause of action for "Reimbursement of Uniform Costs Under New York Labor Law" in Count VI of their Complaint must be dismissed for failure to

---

[1] Plaintiffs Natalio de Jesus and Javier Labra previously accepted FRCP Rule 68 Offers of Judgment, which were filed with the Court on January 16, 2007, and thus they are no longer parties to this action.

[2] In their Complaint, Plaintiffs Ramirez and Felipe Labra claim damages back to their commencement of employment with defendants in May 2000 and June 1997, respectively (Complaint, paragraphs 4 and 5).

1

state a claim. The New York Labor Law does not provide for reimbursement of uniforms, such as polo shirts, which can be worn outside of work.

## STATEMENT OF FACTS

The allegations of the Plaintiffs relevant to the instant Motion can be briefly stated. Plaintiff Zeferino Ramirez asserts that he was employed by Defendants in their Azure Deli establishment from May 2000 to April 2005, while Plaintiff Felipe Labra asserts that he was employed by Defendants in the deli from June 1997 to January 2005 (Complaint, paragraphs 4, 6, and 26). Both Plaintiffs claim that they were denied pay at the minimum wage and overtime compensation for most or all of their employment (Complaint, paragraphs 38 and 39). Plaintiffs further claim that Defendants did not display postings required under the FLSA and New York Labor Law (Complaint, paragraphs 57 and 58), and that they were unaware of their rights until after they left employment with Azure Deli (Complaint, paragraph 60).

Plaintiffs further plead that they were required to wear "a blue shirt with an Azure Deli logo" when they were working, which they characterize as a "uniform" within the meaning of the New York Labor Law (Complaint, paragraphs 43 and 44), and Plaintiffs allege that they were not reimbursed for maintenance and cleaning costs for these "uniforms" during their employment (Complaint, paragraph 45).

Assuming for purposes of this Motion, *arguendo*, that these allegations are factually accurate, Plaintiffs claims must nonetheless be dismissed, for reasons set forth in detail below.

## ARGUMENT

In deciding a motion to dismiss under Rule 12(b)(6), this Court must accept as true all well-pleaded factual allegations in the Complaint and view them in the light most

2

favorable to the plaintiff, drawing all reasonable inferences in her favor. However, the Court need not accept as true conclusory allegations unsupported by factual assertions made by a claimant. DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2$^d$ Cir. 1996). See also Lesavoy v. Lane, 304 F.Supp.2d 520, 527 (S.D.N.Y. 2004) ("We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner.")

Here, Plaintiffs claim, in a wholly conclusory manner, that they are entitled to damages up to the duration of their entire employment, and that they are entitled to uniform reimbursement costs. However, as explained below, these claims are entirely without merit.

I. **Plaintiffs' Claims Under the FLSA Should Be Dismissed to the Extent Plaintiffs Seek Damages Under the FLSA Accruing Prior to December 1, 2004.**

Under 29 U.S.C. § 255(a) of the FLSA, the statute of limitations bars claims arising more than two years after "the cause of action accrued" unless the cause of action arises out of a willful violation, in which case a three year period applies. McLaughlin v. Richland Shoe Company, 486 U.S. 128 (1988). An employer may be liable for liquidated damages unless the employer was acting in good faith and reasonably believed that its conduct was consistent with the law. See 29 U.S.C. § 260.

For statute of limitations purposes, a cause of action accrues under the FLSA "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." See Archer v. Sullivan County, 1997 U.S. App. WL 720406 at *13 (6th Cir. 1997), at *2. Thus, Plaintiffs' damages claims are limited to any alleged wage and hour violations occurring within two years (or three years if willful) prior to the filing of the Complaint on December 1, 2006.

3

## A. There is No Equitable Basis To Toll the Statute of Limitations

It is anticipated that Plaintiffs will argue for the tolling of the statute of limitations beyond the two (or three) year statutory period. As support for this argument, Plaintiffs will likely cite the alleged failure of Defendants to post a notice of rights to receive minimum wages and overtime as required under the FLSA and New York Labor Law. (Complaint, paragraphs 57 and 58); See 29 C.F.R. 516.4. However, even if it is ultimately determined that Defendants failed to post the required notices, any such failure would not provide an equitable basis for tolling the statute of limitations.

While the Second Circuit has yet to rule on this specific issue, several courts including this Court have addressed the issue of whether the FLSA statute of limitations period should be extended when an employer fails to post the FLSA notice of rights pursuant to Section 516.4 of the CFR. For example, the Sixth Circuit decisively rejected the notion that a mere failure to post the FLSA notice must extend the statute of limitations. Archer, supra, at *13. In Archer, the Court of Appeals held that the County employer's failure to post did not "justify invocation of the tolling doctrine." Id. Several lower courts have reached the same conclusion. See Claeys v. Gandalf Ltd., 303 F.Supp.2d 890 (S.D. Ohio 2004) (citing Archer, supra); Viciedo v. New Horizons Computer Learning Center of Columbus, Ltd., 246 F. Supp. 2d 886, 904 (S.D. Ohio 2003).

The issue of whether the employer's failure to post a notice equitably tolls the statute of limitations under FLSA has also been addressed by this Court. See Patraker v. The Council on the Environment of New York City, 2003 WL 22703522, at *6 (S.D.N.Y. 2003). In Patraker, this Court rejected Plaintiff's contention that his employer's failure to post an FLSA notice pursuant to Section 516.4 tolled the statute of limitations. In doing

4

so, the Court noted that the doctrine of equitable tolling is "exceedingly narrow" and "is reserved for situations in which a Plaintiff has been prevented in some extraordinary way from exercising his rights . . ." Id. Furthermore, the doctrine "is available only so long as the plaintiff has exercised reasonable care and diligence." Because the Court determined that the plaintiff in Patraker had not alleged any extraordinary conduct by Defendant that prevented him from exercising his rights, his tolling argument failed and his FLSA claims were dismissed.[3]

Here, Plaintiffs' Complaint, similarly, does not allege any extraordinary conduct by Defendants that prevented them from exercising their rights. They merely allege that a notice was not posted, and, on the basis of that allegation alone, ask the Court to extend their ability to obtain damages far beyond the scope permitted under the statute. Clearly, if Congress had intended for plaintiffs in an FLSA action to potentially seek damages for the entire period of their employment in cases where the employer failed to post a notice, Congress would have so provided in the express language of the statute. To the contrary, the statute creates a two-tiered statute of limitations, in which employees' recovery for violations, even if willful, cannot exceed three years.

It should be noted that the instant matter is not a case in which Plaintiffs would be completely barred from bringing their causes of action if the statute of limitations was not tolled. Rather, the limitations period of the FLSA only implicates the total amount of Plaintiffs' potential damages.[4] Clearly, this is not the type of extraordinary circumstance that warrants invocation of the exceedingly narrow doctrine of equitable tolling.

---

[3] In Patraker, the Plaintiff's most recent claim for unpaid overtime had accrued no later than June 30, 1998, and he commenced the lawsuit on September 13, 2002 (well over 3 years after the accrual date). Thus, without the benefit of equitable tolling, his FLSA claim was time barred, even if his employer's violations were willful.

[4] The Statue of Limitations for Plaintiffs' claims brought pursuant to New York State Labor Law is six years. Therefore, regardless of the Court's determination as to equitable tolling, Plaintiffs are still

## B. There is No Contractual Basis to Toll the Statute of Limitations.

It is further anticipated that Plaintiffs will claim that the Statute of Limitations should be tolled because of several tolling agreements previously executed between the parties for the purpose of trying to resolve this matter prior to litigation. This assertion should be rejected for two reasons.

First, the tolling agreements in this case expired well before the filing of the Complaint, and contained no clause in which Defendants agreed to waive a statute of limitations defense after expiration of the tolling agreements. See Illinois Power Company v. Figgie Int'l, Inc., 1989 WL 152928 (N.D. Ill. 1989) (tolling agreement invalid under the UCC statute to the extent intended effect was to extend the statute of limitations period). In Illinois Power Company, the tolling agreement contained a provision which provided that "neither party in a suit by the other could assert an affirmative defense based on expiration of the limitations period for at least 45 days after termination of the agreement."

In the instant case, none of the tolling agreements executed between the parties contained any such language or promise. Instead, the agreements all contained express termination dates. Once each agreement terminated, the parties amended and/or restated the preceding tolling agreement to cover the entire period over which Plaintiffs sought to toll their claims. Neither the plain language of the agreements nor the parties' conduct reflect an intent to have the tolling period survive beyond termination of the agreements. Therefore, in order to effectively toll their claims, Plaintiffs would have had to file a Complaint before the termination of the final tolling agreement. As the final tolling

---

potentially entitled to damages for any minimum wage and overtime violations, in addition to liquidated damages of 25% for the period going back as far as December 1, 2000, six years before the Complaint was filed.

agreement expired on November 1, 2006, and Plaintiffs filed their Complaint one month later, Plaintiffs are not entitled to any tolling of the statute of limitations based on contractual grounds.

Second, as set forth in the accompanying Declaration of Kevin M. Doherty, Esq., Plaintiffs' failure to negotiate in good faith during the pendency of these tolling agreements warrants their being invalidated for lack of consideration. The essential consideration for the tolling agreements was Plaintiffs promise to negotiate in good faith toward an amicable resolution of the matter. Defendants continuously provided Plaintiffs with documents relative to their claims and, even though no similar movement was made by the Plaintiffs, Defendants raised their settlement offers over the course of the negotiations.

In contrast with Defendants' good faith attempts to settle the matter while the tolling agreements were still pending, Plaintiffs increased their settlement demand by over five times the amount that they had originally demanded. Additionally, Plaintiffs Ramirez and Labra never decreased their demands, regardless of the documentation that Defendants provided to Plaintiffs' counsel. Moreover, Plaintiffs refused any suggestion of voluntary mediation, despite Defendants' offer to pay all mediation costs.

Based on this course of conduct, it is reasonable to conclude that Plaintiffs entered into the tolling agreements in order to protect the timeliness of their claims while obtaining pre-action discovery and searching for additional plaintiffs. Plaintiffs apparently had no intention of reaching a negotiated settlement in lieu of litigation. Thus, the tolling agreements are void for want of consideration and should not be given effect in determining the statute of limitations period for Plaintiffs' claims.

For all of the foregoing reasons, the statute of limitations for plaintiffs' FLSA claims should not be tolled and Plaintiffs' claims for damages under the FLSA that extend back more than two (or three) years from December 1, 2006 must be dismissed.

## II. Plaintiffs Are Not Entitled to a Uniform Allowance for the Cost of Laundering a Company Polo Shirt.

Plaintiffs also claim entitlement to a "uniform allowance" reimbursement for laundering of polo shirts with a corporate logo, in Count VI of their Complaint. However, Plaintiffs are not entitled to any reimbursement for a uniform allowance as a matter of law.

As Plaintiffs state in their Complaint, Plaintiffs wore "a blue shirt with an Azure deli logo while working." (Complaint, paragraphs 43 and 86). Under New York Labor Law, "[a] required uniform shall be that clothing worn by an employee, at the request of an employer, while performing job-related duties or to comply with any State, city or local law, rule or regulation. *It does not, however, include clothing that may be worn as part of an employee's ordinary wardrobe.*" 12 N.Y.C.R.R. § 137-3.13 (*emphasis supplied*).

In <u>Bakerman v. Roberts</u>, 98 A.D.2d 965 (1983), the Appellate Division, Fourth Department indicated that a uniform allowance would be appropriate for food service employees if the uniforms (in that case waitress-style uniforms) required to be worn "were not suitable for use outside of employment." In contrast to the waitress-style uniforms in <u>Bakerman</u>, Azure's employees wore an ordinary polo shirt that simply bore a corporate logo. Clearly, the shirt can be worn outside of work as part of the employee's ordinary wardrobe and is suitable for casual, everyday use. The polo shirt required no special laundering, maintenance, or care. Thus, plaintiffs' claim for entitlement to

8

reimbursement for a uniform allowance in Count VI of their complaint should be dismissed as a matter of law.

## CONCLUSION

As demonstrated above, it is respectfully submitted that Plaintiffs' FLSA claims (Counts I and III of the Complaint) must be limited to the two (or three years if willful) year period prior to the filing of the Complaint in this matter. Plaintiffs have no legal basis in contract or equity to ask that this court extend their damages claims beyond the FLSA statute of limitations. Finally, Count VI of plaintiffs' Complaint for reimbursement of uniform costs should be dismissed as a matter of law.

Dated:   New City, New York
         January 31, 2007

                                              **GREENWALD DOHERTY, LLP**

                                    By:       _____
                                              Kevin Doherty, Esq. (KD-3492)
                                              Attorneys for Defendants
                                              151 North Main Street
                                              P.O. Box 490
                                              New City, NY  10956
                                              (845) 638-1943