## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ZEFERINO RAMIREZ et al. | ) |
| Plaintiffs, | ) |
| vs. | ) No. 06-civ-13677 (LAK) |
| CSJ & CO., INC d/b/a/ AZURE DELI et al. | ) |
| Defendants. | ) |

## DECLARATION OF DAVID A. COLODNY

Pursuant to 28 U.S.C. §1746, I, David A. Colodny, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.  I am one of the attorneys representing the Plaintiffs in the above captioned matter.

2.  I am over eighteen years of age and am competent to testify as to the matters herein based on my personal knowledge.  I submit this Declaration under oath and understand that the penalties of perjury apply to my statements.

3.  Attached hereto as Exhibit A is a true and correct copy of an email that I received from Ms. Sonal Desai dated February 17, 2006.

4.  Attached hereto as Exhibit B is a true and correct copy of a document I received from Ms. Sonal Desai (a facsimile from Kevin Doherty to Sonal Desai).

5.  Attached hereto as Exhibit C is a true and correct copy of a letter I sent to Mr. Kevin Doherty dated May 10, 2006.

6.   Attached hereto as Exhibit D is a true and correct copy of a letter I sent to Mr. Kevin Doherty dated May 30, 2006.

7.   Attached hereto as Exhibit E is a true and correct copy of a letter I sent to Mr. Kevin Doherty dated July 14, 2006.

8.   Attached hereto as Exhibit F is a true and correct copy of a letter I sent to Mr. Kevin Doherty dated July 26, 2006.

9.   Attached hereto as Exhibit G is a true and correct copy of an email I received from Mr. Kevin Doherty dated July 27, 2006.

10.   Attached hereto as Exhibit H is a true and correct copy of an email I sent to Mr. Kevin Doherty dated July 31, 2006.

11.   Attached hereto as Exhibit I is a true and correct copy of a letter I sent to Mr. Kevin Doherty dated November 16, 2006.

12.   Attached hereto as Exhibit J is a true and correct copy of an email I received from Mr. Kevin Doherty dated November 22, 2006.

13.   Attached hereto as Exhibit K is a true and correct copy of a letter I received from Kevin Doherty dated December 26, 2006.

14.   Attached hereto as Exhibit L is a true and correct copy of a letter from Sonal Desai to CSJ & Co., Inc. dated October 24, 2005.

15.   Attached hereto as Exhibit M is a true and correct copy of an e-mail exchange between myself and Kevin Doherty.

16.   Attached hereto as Exhibit N is a true and correct copy of the First Amended and Restated Tolling Agreement for Felipe Labra.

17.     Attached hereto as Exhibit O is a true and correct copy of an e-mail I received from Ms. Sonal Desai dated February 16, 2006.

18.     I have been primarily responsible for negotiating on behalf of the Plaintiffs since May 2006.

19.     On May 12, 2006, I had a telephone conversation with Mr. Kevin Doherty. Mr. Doherty told me during that phone call that the Defendants would enter into a new tolling agreement.  Mr. Doherty also stated during that call that his clients were offering a settlement of $10,000 to Plaintiff Zeferino Ramirez and $550 to Plaintiff Natalio De Jesus. The Plaintiffs subsequently rejected the offer.

20.     On July 20, 2006, I faxed Mr. Doherty a letter detailing the Plaintiffs' legal and factual claims, and demonstrating revised damage calculations.  The letter explained that the total estimated damages had risen to more than $420,000 as a result of the addition of Mr. Felipe Labra as a Plaintiff, as well as the significant damages arising from the Defendants' violations of N.Y. Labor Law § 196-d.  In that letter, which was marked for settlement purposes only, the Plaintiffs made a settlement demand of 90% of the estimated damages.

21.     On August 2, 2006, I had a telephone conversation with Mr. Kevin Doherty in which he stated that his clients would enter into new tolling agreements.

22.     During the months of September and October, 2006, Mr. Doherty and I engaged in a series of correspondence in which we discussed the parties' contentions as to the facts underlying the Plaintiffs' claims.

23.     On October 25, 2006, Mr. Doherty asked me whether the Plaintiffs would be willing to engage in mediation. Mr. Doherty subsequently communicated to me that

he believed the Defendants' settlement value was likely to be in the five figure range, and not in the six figure range. Mr. Doherty also stated that the Defendants were offering the same settlement to Mr. Labra that they had offered to Mr. De Jesus.

24.     I notified Mr. Doherty during a phone conversation on November 28, 2006 that the Plaintiffs were rejecting the offer of settlement made by Defendants on November 22, 2006.

25.     The Defendants never provided me with copies of wage and hour records that they were required to maintain under the Fair Labor Standards Act and the New York Labor Law.  The Plaintiffs requested copies of such documentation, but only a small number of materially incomplete documents were provided.

26.     The Plaintiffs also requested copies of documentation regarding deliveries made to customers, and the gratuities associated with such deliveries.  The documentation provided by the Defendants appeared to be inconsistent with the Plaintiffs' work histories.

Date:   February 20, 2007
        New York, NY

**David A. Colodny**